IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-MJ-1095-JG

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DAMIEN ANTWON EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of two agents with the Department of Homeland Security. Defendant presented the testimony of the proposed third-party custodian, his sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged by complaint on 6 February 2013 with possession of a firearm by a convicted felon on 4 February 2013 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that on the alleged offense date defendant rear-ended a car driven by one of the testifying agents and then he fled the scene, initially by car, until he

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

crashed it, landing on the roof a new parked car, and then on foot. The chase ended when defendant's escape route was blocked by a six-foot high fence with barbed wire. Inside the car police found spent .40 caliber shells, a loaded .40 caliber Glock magazine, and a stolen laptop. The car itself had been reported stolen by Enterprise Rental. A .40 caliber Glock handgun was found within a short distance of the location where defendant was arrested. Defendant later admitted that the gun was his. He stated that the magazine must have fallen out as he was exiting from the car. Defendant had 12 felony convictions when these events occurred, which was 10 days ago.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded nature of the gun (before the magazine fell out), the presence of spent shells in his car (suggesting that he had fired the gun), the stolen nature of the car, the presence of stolen property in the car, his flight from investigating officers, his having been released from an approximately 8-year term of imprisonment within 2 years prior to commission of the alleged offense, and the recency of the offense; defendant's criminal record, including the 12 felonies noted, 5 misdemeanors, and 4 failures to appear; defendant's lying to the probation officer about his residence; the danger of continued gun- and robbery-related offense conduct by defendant if released; defendant's mental health and substance abuse history; the unsuitability of the proposed third-party custodial arrangement due to the presence of minor children in the home and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as the availability of services to defendant through a private foundation, his having provided the police some help after being told of his criminal exposure for possession of the firearm and ammunition, and his lifelong residence in the Fayetteville community. It finds, however, that the factors favoring detention strongly outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of February 2013.

James E. Gates
United States Magistrate Judge